UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jennifer L. Moultrie,<br>        Plaintiff,<br><br>                v.<br><br><br>Waffle House, Inc.,<br>        Defendant. | CASE NO.: 2:11-CV-2634-PMD-BM<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

**ONE:**   This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII") and The Pregnancy Discrimination Act, 42 U.S.C. §2000e, et. seq., as amended and retaliation.

**TWO:**   All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e and The Pregnancy Discrimination Act have occurred or been complied with.

   a.   A charge of employment discrimination on basis of sex/gender discrimination, retaliation and retaliatory discharge was filed by the Plaintiff with South Carolina Human Affairs Commission ("SHAC") and the Equal Employment Opportunity Commission ("EEOC").

   b.   Notification of the Right to Sue was received from EEOC on July 11, 2011.

   c.   This Complaint has been filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

**THREE:**   The Plaintiff, Jennifer Moultrie, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

**FOUR:**   All discriminatory employment practices alleged herein were committed within the State of South Carolina.

**FIVE:**   That venue is properly in this Court, as the Defendant conducts business in this judicial division, and the unlawful employment practices giving rise to the Plaintiff's claims were committed within this judicial division.

**SIX:**   The Defendant Waffle House, Inc., upon information and belief, is a foreign corporation incorporated in the State of Georgia and is operating by virtue of laws of the State of South Carolina, and at all times herein operated as a business within the State of

South Carolina and the County of Berkeley located at 309 North Highway 52, Moncks Corner, SC 29461.

**SEVEN:** The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and The Pregnancy Discrimination Act.

**EIGHT:** The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e and The Pregnancy Discrimination Act.

**NINE:** That Defendant is an "employer" for the purposes of The Pregnancy Discrimination Act, the Civil Rights Act of 1964, 42 U.S.C. §2000e, as the Defendant employs twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

**TEN:** The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

**ELEVEN:** On or about May 10, 2010, the Defendant entered into an employment contract with the Plaintiff to employ her as a Salesperson.

**TWELVE:** On or about June 2010, the Plaintiff discovered she was pregnant.

**THIRTEEN:** On or about June 15, 2010, the Plaintiff informed her manager, Becky Baxter, with the Defendant that she was pregnant and needed to go to the doctor as soon as possible due to a pre-existing medical condition.

**FOURTEEN:** When the Plaintiff called in to inform her manager that she had to go to the doctor due to her pregnancy, her manager informed her that going to a doctors appointment was not an excuse.

**FIFTEEN:** On or about June 16, 2010, the Plaintiff gave the Defendant a note from her medical provider stating that she was pregnant and that she had been at the doctor the previous day.

**SIXTEEN:** The Plaintiff asked for accommodations due to her difficult pregnancy.

**SEVENTEEN:** On June 20, 2010, the Plaintiff called her manager Becky Baxter to inform her that she was not feeling well due to her pregnancy and asked to change her shift to a later shift.

**EIGHTEEN:** The Defendant informed the Plaintiff on June 20, 2010 that she could not change her scheduled shift that the only thing she could do was to give up her whole shift.

**NINETEEN:** On July 2, 2010, the Plaintiff was scheduled to work, but was involved in a car wreck.

**TWENTY:** Due to that car wreck and the Plaintiff's pregnancy, the Plaintiff was taken to the hospital to get an examination.

**TWENTY-ONE:** The Plaintiff called into work to inform them that she was in a car wreck and that her doctor was requiring her not to work for three days.

**TWENTY-TWO:** The Defendant informed the Plaintiff that she was required to work July 4, 2010.

**TWENTY-THREE:** The Plaintiff informed the Defendant that her doctor ordered her not to work for three days in order to protect the safety of her unborn child.

**TWENTY-FOUR:** On July 9, 2010, the Plaintiff provided the Defendant with her doctors note stating that she was ordered to stay off her feet due to the car wreck.

**TWENTY-FIVE:** The Defendant removed the Plaintiff from the schedule and was informed to return to work on July 19, 2010.

**TWENTY-SIX:** On July 19, 2010 the Defendant removed the Plaintiff from being a fulltime employee to being a 15 hour a week employee.

**TWENTY-SEVEN:** On or about July 31, 2010, the Plaintiff was wrongfully terminated from her employment with the Defendant.

**TWENTY-EIGHT:** The Plaintiff maintains that she performed the functions of her job in a satisfactory manner and was discriminated and retaliated against due to her pregnancy and her sex.

**FOR A FIRST CAUSE OF ACTION**
**Violation of Civil Rights/Discrimination Under Title VII**

**TWENTY-NINE:** The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

**THIRTY:** The Plaintiff is a member of a protected group on the basis of her sex and gender. The Plaintiff was an employee for a position that she was qualified for and became pregnant and was subsequently discriminated against and denied a job due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

**THIRTY-ONE:** The Defendant retaliated against the Plaintiff in their false write-ups and alleged misconduct, which was a mere pretext for the discrimination against her based on her gender and sex (female) and pregnancy.

3

**THIRTY-TWO:** The Defendant was wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In discharging the Plaintiff and otherwise discriminating against the Plaintiff with respect to her compensation, terms, conditions, or privileges of employment due to her sex and pregnancy;

    b. In terminating the Plaintiff's employment for actions that other, non-pregnant employees had also committed, without termination, thus depriving the Plaintiff of her employment opportunity and adversely affecting her status as an employee; and

    c. In terminating the Plaintiff's employment for actions that other non-pregnant employees had also committed, without termination.

**THIRTY-THREE:** That by reason of the aforesaid recklessness, willfulness and wantonness of the Defendant, the Plaintiff has suffered severe emotional distress.

**THIRTY-FOUR:** The Defendant violated the Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§2000e, et. seq.) by allowing the discrimination to exist in the workplace.

**THIRTY-FIVE:** The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§2000e, et. seq.), by allowing a hostile work environment to exist regarding sex/gender discrimination in the workplace.

**THIRTY-SIX:** The Plaintiff's sex (female) and pregnancy were determining factors in the retaliation, disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's sex and pregnancy, she would not have been terminated.

**THIRTY-SEVEN:** The Defendant's wrongful discrimination, preferential treatment and inappropriate behaviors as set forth aforesaid constituted a discrimination of the Plaintiff due to her sex/gender and her pregnancy which constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Affairs Law.

**THIRTY-EIGHT:** That the aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§2000e, et. seq.).

**THIRTY-NINE:** As a direct and proximate result of the acts and practices of the Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of the Plaintiff from employment, the Plaintiff has suffered and continues to suffer from

emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to the Plaintiff's reputation, loss of income, and other past and future losses.

## FOR A SECOND CAUSE OF ACTION
### Violation of the Pregnancy Discrimination Act

**FORTY:**   The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

**FORTY-ONE:**   The Plaintiff is a member of a protected group on the basis of her sex and gender.  The  Plaintiff was an employee for a position that she was qualified for and became pregnant and was subsequently discriminated against and terminated from a job due to her pregnancy and gender (female) in violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

**FORTY-TWO:**   The Defendant retaliated against the Plaintiff in their false write-ups and alleged misconduct which was a mere pretext for the discrimination against her based on her gender and sex (female) and pregnancy.

**FORTY-THREE:**   The Defendant was  wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a.    In retaliating against the Plaintiff due to her pregnancy;

    b.    In discharging the Plaintiff and otherwise discriminating against the Plaintiff with respect to her compensation, terms, conditions, or privileges of employment due to her sex and pregnancy;

    b.    In terminating the Plaintiff's employment for actions that other, non-pregnant employees had also committed, without termination, thus depriving the Plaintiff of her employment opportunity and adversely affecting her status as an employee; and

    c.    In terminating the Plaintiff's employment for actions that other non-pregnant employees had also committed, without termination.

**FORTY-FOUR:**       That by reason of the aforesaid recklessness, willfulness and wantonness of the Defendant, the Plaintiff has suffered severe emotional distress.

**FORTY-FIVE:**       The Defendant violated the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), by allowing the discrimination to exist in the workplace.

**FORTY-SIX:**       The Defendant violated the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), by allowing a hostile work environment to exist regarding sex/gender discrimination in the workplace.

**FORTY-SEVEN:** The Plaintiff's sex (female) and pregnancy was a determining factor in the retaliation, disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's sex and pregnancy, she would not have been terminated.

**FORTY-EIGHT:** The Defendant's wrongful discrimination, preferential treatment and inappropriate behaviors as set forth aforesaid constituted a discrimination of the Plaintiff due to her sex/gender and her pregnancy which constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Affairs Law.

**FORTY-NINE:** That the aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

**FIFTY:** As a direct and proximate result of the acts and practices of the Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of the Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to the Plaintiff's reputation, loss of income and other past and future losses.

## REQUEST FOR RELIEF

**FIFTY-ONE:** The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

**FIFTY-TWO:** Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

**FIFTY-THREE:** That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs, and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

6

4. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendant for pain and suffering, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM**

s/Casey C. Crumbley
Casey C. Crumbley (Fed Id. 1134)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
Telephone:     (843) 553-9800
Facsimile:     (843) 553-1648

North Charleston, South Carolina
This 30th day of September, 2011